MEMORANDUM ***
Nancy Amparo Cueva and NAC Real Estate Investments (“NAC,” and, together *662 with Cueva, “Appellants”) appeal the district court’s grant of summary judgment. Cueva individually appeals the district court’s dismissal of her motion for relief from judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
We review de novo the district court’s ruling on a motion for summary judgment. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1047 (9th Cir. 2008). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied relevant substantive law. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). We review for abuse of discretion a district court’s ruling on a motion under Fed.R.CivP. Rule 60(b). United States v. Asarco, Inc., 430 F.3d 972, 978 (9th Cir. 2005).
A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. First Comm. MoH. Co. v. Reece, 89 Cal.App.4th 731, 108 Cal.Rptr.2d 23, 33 (2001). The admissible evidence in the record shows the existence of a contract: the parties signed and executed the two Agreements requiring NAC to pay Casanova sums of $100,000 and $30,000, respectively, at the end of a set term plus monthly interest payments. The evidence also shows that Casanova performed under the contract: $130,000 was wired from Peru to NAC’s Los Ange-les bank account. The evidence shows that Appellants failed to perform under the Agreements, having failed to pay the principal and to make most of the interest payments, and shows that Appellants’ failure to perform resulted in damages to Casanova. Additionally, NAC’s failure to perform under the $30,000 Agreement triggered the Personal Guarantee, under which Cueva failed to make payment.
Appellants do not dispute that they executed the Agreements or that they failed to make payments. However, in regard to the $100,000 Agreement, Appellants maintain that there are multiple claims on the money, in particular by the Cattels, and that Casanova committed fraud inducing their entry into the contract. Casanova has adduced unrefuted evidence supporting her version of events, including declarations from the individuals purported by Appellants to be the proper beneficiaries of the $100,000 Agreement. There is absolutely no evidence to show an issue of material fact as to any of the elements of a breach of contract, and the district court correctly entered summary judgment in favor of Casanova on her claim for breach of contract.
Appellants counterclaims for fraud, conversion, and unjust enrichment are based entirely on them unfounded allegations that the Cattels were the true beneficiaries of the $100,000 Agreement. Because there is no evidence supporting those allegations, the district court properly granted summary judgment in favor of Casanova with regard to Appellants’ counterclaims.
Because Cueva’s Rule 60(b) motion addressed only the $100,000 Agreement, to which she was not a party, the district court correctly ruled that she did not have standing to challenge the ruling and struck Cueva’s motion. The district court did not abuse its discretion in striking Cueva’s motion.
Appellants argue that they were denied effective assistance of counsel for seven days (during which nothing of note occurred) by the district court’s referral of their lawyer to the Disciplinary Committee. This argument is without any legal merit.
*663 We deny Casanova’s motion to take judicial notice as moot.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.